1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MELISSA J. WILCOX,                          No.  2:23-cv-01414-SCR

12                     Plaintiff,

13           v.                                   ORDER

14    LELAND DUDEK, Acting Commissioner
      of Social Security,[1]
15
                       Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19    ("Commissioner"), finding that Plaintiff's disability had ended and she was no longer entitled to

20    disability insurance benefits ("DIB") under the Social Security Act ("Act"), 42 U.S.C. § 401-34.

21    Plaintiff challenges the Step Five determination of whether Defendant identified a significant

22    number of jobs in the national economy that she can perform.  ECF No. 9 at 5.  For the reasons

23    that follow, the Court will DENY Plaintiff's motion for summary judgment and GRANT the

24    Commissioner's cross-motion for summary judgment.  The Commissioner's decision is affirmed.

25    ///

26    ///

27
      _____
28    [1] Leland Dudek became the Acting Commissioner of Social Security in February 2025, and
      pursuant to Fed. R. Civ. P. 25(d) is substituted as the defendant herein.

                                                  1

# I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB in February 2010, alleging disability beginning in September 2009. Administrative Record ("AR") 349-352.[2]  In June 2011, an administrative law judge found Plaintiff disabled. ECF No. 9 at 2.[3]  The June 2011 decision stated in part: "Medical improvement is expected with diligent efforts to follow up on appropriate treatment. Consequently, a continuing disability review is recommended in 12 months." AR 139. In 2017, a continuing disability review determined that Plaintiff was no longer disabled. AR 175-178. Plaintiff requested reconsideration of that determination, and had three administrative hearings. The final hearing was before administrative law judge ("ALJ") Daniel Myers on July 27, 2022. AR 40-63 (transcript). Plaintiff participated in the hearing, with her husband serving as her designated representative. A vocational expert ("VE") also testified.

On September 21, 2022, the ALJ issued an unfavorable decision, finding Plaintiff's disability ended on October 15, 2017, and she had not become disabled again through the date of the decision. AR 12-30 (decision). On May 15, 2023, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. AR 1-3.

Plaintiff filed this action on July 14, 2023. ECF No. 1. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 9 (Plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), and 17 (Plaintiff's reply).

# II. FACTUAL BACKGROUND[4]

Plaintiff was 37 years old at the time of the hearing in July 2022. AR 43. Plaintiff has a

---

[2]  The AR is electronically filed at ECF No. 8-2. Page references to the AR are to the number in the lower right corner of the page. For briefs, page references are to the CM/ECF generated header in the upper right corner.

[3] The procedural history of Plaintiff's prior application is set forth at ECF No. 9 at 2. Defendant does not dispute the history of the prior claim. ECF No. 14 at 3 n.3 ("Defendant defers to Plaintiff's procedural history of her prior 2010 application.").

[4] The Court will not set forth the factual background/medical evidence in detail as there is no challenge to the assessment of medical opinions or evaluation of Plaintiff's subjective symptom testimony. Plaintiff specifically states she makes no challenge to which impairments were found severe, and "stipulates that ALJ Myers accurately summarized the relevant medical evidence." ECF No. 9 at 2-3.

1  high school education.  AR 43.  Plaintiff testified she was working part-time (16-hours per week)

2  as a cashier at a gas station until May 2020.  AR 44.  Plaintiff testified that she was unable to

3  work full-time due to a back injury and difficulty standing for long periods.  AR 44.  She testified

4  that she would be in pain at the end of an eight-hour shift.  AR 44.

5        The VE testified that Plaintiff's past work was as a cashier (DOT # 211.462-010), and that

6  a person with Plaintiff's limitations would not be able to return to that work.  AR 55-56.  The VE

7  then testified that there were jobs at the sedentary exertional level that Plaintiff could perform.

8  AR 56.  The VE identified the jobs of hand packer (DOT # 920.687-030), circuit board assembler

9  (DOT # 726.684-110), and surveillance-system monitor (DOT # 372.367-010).[5]  AR 56.  The VE

10  testified that there are 21,756 hand packer positions nationally; 22,348 circuit board assembler

11  positions; and 24,777 surveillance-system monitor positions.  AR 56.   Plaintiff did not cross-

12  examine the VE (AR 61) and presented no evidence of alternative job number calculations.

13                        **III.  STANDARDS OF REVIEW**

14        The Commissioner's decision that a claimant is not disabled will be upheld "if it is

15  supported by substantial evidence and if the Commissioner applied the correct legal standards."

16  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

17  Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  *Andrews*

18  *v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

19        Substantial evidence is "more than a mere scintilla," but "may be less than a

20  preponderance."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such relevant

21  evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

22  *Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While inferences from

23  the record can constitute substantial evidence, only those 'reasonably drawn from the record' will

24  suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

25        Although this Court cannot substitute its discretion for that of the Commissioner, the court

26  nonetheless must review the record as a whole, "weighing both the evidence that supports and the

27

28  [5] Plaintiff's brief states that the VE was one-digit off and that the correct DOT # for surveillance-system monitor is 37**9**.367-010.

evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## IV.  SUBSTANTIVE LAW

A claimant is "disabled" if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id.*, §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

Step four: Does the claimant's residual functional capacity make her capable of performing her past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue,* 698 F.3d 1153, 1161 (9th Cir. 2012); *see also Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

1. [Step 1] The claimant has not engaged in substantial gainful activity (AR 18).

2. [Step 2] The claimant has the following severe impairments: major depressive disorder, anxiety disorder, seizure disorder, obesity, and asthma (AR 18).

3. [Step 3] Since October 15, 2017, the claimant has not had an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (AR 19).

4. [Preparation for Step 4] The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, she can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 2 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. She can perform no more than occasional stooping, kneeling, crouching, crawling and climbing stairs; no more than occasional exposure to heat, dusts, fumes, odors, gases, or pulmonary irritants; no more than occasional exposure to hazards such as unprotected heights and dangerous moving machinery. She can understand, remember and carry out simple and detailed but not complex instructions. She is limited performing routine repetitive tasks involving no more than occasional changes and interruptions in the work setting and work routine and no interactions with the public. (AR 21).

5. [Step 4] The claimant has no past relevant work (AR 29).

6. [Step 5] The claimant was born in 1985 and was 32 years old on October 15, 2017, which is defined as a "younger individual". 20 CFR § 404.1563 (AR 29).

7. [Step 5, continued] The claimant has a high school education (AR 29).

8. [Step 5, continued] Transferability of job skills is not at issue because the claimant does not have past relevant work, 20 C.F.R. § 404.1568 (AR 29).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity based on impairments present since October 15, 2017, there are jobs that exist in significant numbers in the national economy that the claimant can perform (AR 29).

10. The claimant's disability ended on October 15, 2017, and she has not become disabled again since that date. (AR 29).

## VI. ANALYSIS

Plaintiff raises only one issue: That, at Step 5, Defendant did not identify a significant number of jobs in the national economy that Plaintiff can perform. ECF No. 9 at 5. Specifically, Plaintiff argues the hand packer job was not properly identified, Plaintiff cannot perform the surveillance-system monitor position, and that all three identified occupations exist in lesser numbers than the VE identified. *Id.* at 7-15. Defendant argues that Plaintiff has waived this argument by failing to raise it during the administrative proceedings. ECF No. 14 at 6. Alternatively, if the Court finds the argument not waived, Defendant contends that a significant

1  number of jobs in the national economy exist that Plaintiff can perform and the new evidence

2  offered by Plaintiff is not of significant probative value.  ECF No. 14 at 8.

3        A.  Waiver/Forfeiture

4        Claimants must generally raise issues during the administrative process to preserve them

5  for review.  *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) ("We have held that

6  appellants must raise issues at their administrative hearings in order to preserve them on appeal

7  before this Court.").  Like this case, *Meanel* involved a job numbers challenge at Step 5.  As the

8  Ninth Circuit stated, "at least when claimants are represented by counsel, they must raise all

9  issues and evidence at their administrative hearings in order to preserve them on appeal."  *Id*.  A

10  failure to comply with the administrative presentment rule will only be excused "when necessary

11  to avoid a manifest injustice."  *Id*.  The Ninth Circuit subsequently reaffirmed this rule as to VE

12  job number estimates.  *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109-10 (9th Cir. 2017) ("[W]hen

13  a claimant fails entirely to challenge a [VE's] job numbers during administrative proceedings

14  before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is

15  represented by counsel.").

16        There appears to be no published Ninth Circuit case addressing whether a claimant who is

17  unrepresented by counsel before the ALJ is held to the same requirement of administrative

18  presentment as to VE job number estimates.  However, as Defendant notes, an unpublished

19  decision, *Keifer v. Saul*, did just that.  In *Keifer*, the claimant was—like Plaintiff—represented by

20  a lay representative.  "We conclude she forfeited any challenge to the VE's job numbers because

21  she failed to raise the issue during the administrative hearing."  789 F. App'x 581, 582 (9th Cir.

22  2020).  Other cases have followed *Keifer*.  *See, e.g., Shapiro v. Saul*, 833 F. App'x 695, 696 n.1

23  (9th Cir. 2021) (holding challenge to VE job numbers estimate forfeited where non-attorney

24  representative did not cross-examine the VE or ask to submit supplemental briefing to the ALJ

25  and the claimant raised the issue for the first time to the Appeals Council).[6]

26

27  [6] Plaintiff did not even seek to address the VE job numbers issue to the Appeals Council.
Plaintiff's representative submitted two letters to the Appeals Council raising other issues, but not

28  job numbers.  AR 550-53.

7

1    Plaintiff argues that because she was not represented by counsel, *Meanel* and *Shaibi* do

2   not apply, and that this Court should not rely on *Keifer* because it is unpublished.[7]  ECF No. 17 at

3   3.  Plaintiff further argues *Keifer* is distinguishable because the lay representative in *Keifer* was a

4   certified rehabilitation counselor and vocational evaluator, and Plaintiff was represented by her

5   husband.  ECF No. 17 at 3.

6    The administrative presentment rule plays an important role any time a federal court is

7   asked to review determinations made in an administrative proceeding.  *See Castillo v. Saul*, 850

8   F. App'x 482, 484 n. 2 (9th Cir. 2021) ("Allowing forfeiture to be overcome by raising the issue

9   for the first time in the district court would subvert the 'fundamental principle that an agency, its

10   experts, and its administrative law judges are better positioned to weigh conflicting evidence than

11   a reviewing court.'") (citing *Shaibi*, 883 F.3d at 1109).  The undersigned nevertheless has

12   misgivings about applying a strict waiver rule in a case where the claimant was represented

13   neither by counsel nor, as in *Keifer*, by a sophisticated lay representative who was familiar with

14   vocational issues in disability claims.  The legal authority affords the Court some discretion here.

15   *See Lee-Klein v. Comm'r of Soc. Sec. Admin.*, 2021 WL 3472229, at *4 (E.D. Cal. Aug. 6, 2021).

16   (noting courts "have interpreted *Meanel* as granting reviewing courts discretion in applying the

17   waiver" under the "manifest injustice" standard).

18    The Court will not relieve Plaintiff from a finding of waiver because the record does not

19   evince a manifest injustice.  The ALJs presiding over Plaintiff's administrative hearings provided

20   ample opportunity for Plaintiff to seek out representation.[8]  Moreover, as explained below, the

21   ALJ's Step 5 determination is supported by substantial evidence.  Thus, there is neither

22   ////

23   _____

24   [7] Plaintiff speculates that *Keifer* is "unpublished for a reason," and that the Ninth Circuit did not want to create binding authority.  *Id.*

25   [8] Plaintiff appeared before an ALJ three times over a three-year period.  At the first hearing in February 2019, Plaintiff was advised of her right to have an attorney or non-attorney

26   representative and the hearing was continued to allow Plaintiff to find representation.  AR 68.
Plaintiff signed an "Acknowledgment of Postponement In Order to Obtain Representation" on

27   February 28, 2019.  AR 242.  When Plaintiff appeared for the next hearing in January 2020, she stated that she had made no effort to look for a representative and that her husband would be the

28   representative.  AR 86, 295.

1    procedural nor substantive injustice in holding Plaintiff to the administrative presentment

2    requirement.

3        B.    The ALJ's Step 5 Determination is Supported by Substantial Evidence

4        Even if not forfeited, Plaintiff's argument concerning the VE's job numbers testimony

5    does not merit remand.  Plaintiff's challenge to the first job identified by the VE, "hand packer"

6    (DOT # 920.687-030) is that the VE misstated the title of the occupation, which is correctly

7    "bander, hand" and should have mentioned the industry designation of tobacco.  ECF No. 9 at 7.

8    The Court rejects Plaintiff's argument that this caused an apparent unresolved conflict between

9    the VE's testimony and the DOT.  As pointed out by Defendant, numerous cases refer to this

10   occupation as "hand packer" or "hand bander."  *See for example Johnson v. Berryhill*, 2019 WL

11   2192113 (D. Nev. May 21, 2019) ("hand packer"); *Edwards v. Astrue*, 2012 WL 3962552 (E.D.

12   Cal. Sept. 10, 2012) ("hand packer"); *Calisti v. Colvin*, 2015 WL 7428724 (E.D. Cal. Nov. 23,

13   2015) (alternatively as "packaging hand bander" and "hand packer").  Plaintiff directs the Court

14   to no cases finding that this type of discrepancy merits discarding the VE's testimony as to the

15   number of jobs available for the occupation.

16       Plaintiff also argues that there are alternate job number statistics for hand bander position

17   available on the Bureau of Labor Statistics' website and Occupational Outlook Handbook

18   ("OOH").  ECF No. 9 at 10.  The Ninth Circuit has "characterized uncontradicted VE job-

19   numbers testimony as 'inherently reliable' and 'ordinarily sufficient by itself to support an ALJ's

20   step-five finding.'" *White v. Kijakazi*, 44 F.4th 828, 835 (9th Cir. 2022) (internal citation

21   omitted).  By contrast, when a claimant tenders job numbers showing a "striking" discrepancy

22   with the VE's testimony, the ALJ must seek to resolve that discrepancy.  *See Buck v. Berryhill*,

23   869 F.3d 1040, 1052 (9th Cir. 2017).  Here, the testimony was uncontradicted and the ALJ did

24   not have an obligation to *sua sponte* take administrative notice of information on the Bureau of

25   Labor Statistics' website or in the OOH.  *See Shaibi*, 883 F.3rd at 1109 ("we can find no case,

26   regulation, or statute suggesting that an ALJ must *sua sponte* take administrative notice of

27   economic data in the CBP [County Business Patterns] or OOH [Occupational Outlook

28   Handbook].");  *see also Shapiro*, 833 F. App'x at 696 (Commissioner "under no obligation to *sua*

9

*sponte* resolve a conflict between job numbers provided by [claimant] and the VE's testimony because the job numbers came from sources other than the [DOT].");  *Keifer*, 789 F. App'x at 582 (rejecting claimant's argument that the VE's job-numbers testimony conflicted with the OOH because the ALJ need not sua sponte inquire into the foundation for the VE's opinion).

As to the second occupation identified by the VE, circuit board assembler (DOT # 726.684-110), Plaintiff asks the Court to engage in speculation.  Plaintiff argues that "the Department of Labor does not publish data for individual DOT occupations, but instead publishes data for entire Occupational Employment and Wage Statistics (OEWS) groups."  ECF No. 9 at 9. Plaintiff contends that the circuit board assembler position is part of the OEWS group entitled "Inspectors, Testers, Sorters, Sampler, and Weighers," and that the group employs 551,380 individuals.  *Id.* at 12.  Plaintiff contends that this group encompasses 690 distinct DOT occupations and thus, based on mathematical average, each occupation in the OEWS group employs about 800 people.  ECF No. 9 at 12.  This kind of argument by speculation does not cast doubt on the VE's testimony.  *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1194-95 (9th Cir. 2022) (rejecting as "not significant probative evidence" a similar calculation method that operates "on the illogical assumption that all job titles within a particular DOT job group exist in equal numbers in the national economy") (internal citation omitted).  The Court does not find Plaintiff's extrapolation concerning the number of circuit board assembler positions to be significant and probative, such that it could undermine the VE's testimony on job numbers, which the Ninth Circuit has characterized as "inherently reliable" evidence.

As to the third occupation identified by the VE, surveillance-system monitor, Plaintiff contends the position has a reasoning level of three, which is inconsistent with the RFC that limited Plaintiff to "routine repetitive tasks" and "simple and detailed but not complex instructions."  ECF No. 9 at 13.  Defendant states that "without conceding the issue" it will not address this occupation because of the VE's error in referring to the DOT number.  ECF No. 14 at 5 n.5.  Defendant also argues that the other two occupations identified by the VE already represent a significant number of jobs in the national economy and thus any error as to this occupation was harmless.  ECF No. 14 at 5 n.5.

1    The Ninth Circuit has held that there "is an apparent conflict between the residual

2    functional capacity to perform simple, repetitive tasks, and the demands of level 3 reasoning."

3    *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015); *see also I.N. v. Kijakazi*, 2022 WL 3093307

4    (C.D. Cal. June 13, 2022) (claimant limited to "simple" and "routine" work could not perform the

5    level 3 reasoning required for surveillance system monitor position).  Here, Plaintiff's RFC states

6    she could understand, remember, and carry out "simple and detailed but not complex

7    instructions" and was limited to "performing routine repetitive tasks."  AR 21.  Defendant does

8    not defend the ALJ's determination as to this point, and the Court finds it was error.

9    Thus, the question then becomes whether the error was harmless.  The error was harmless

10   if the other two occupations identified constitute a significant number of jobs that Plaintiff could

11   perform.  *See Yelovich v. Colvin*, 532 F. App'x 700, 702 (9th Cir. 2013) (VE incorrectly

12   identified two of three occupations, but error was harmless as VE correctly identified one

13   occupation with 42,000 jobs existing nationally).  The VE testified that hand packer has 21,756

14   positions, and circuit board assembler had 22,348 positions.  AR 56.  The total of over 44,000

15   jobs clearly meets the significant number threshold.

16   Plaintiff argues that if the hand packer position is discounted and the Court finds only the

17   22,348 circuit board assembler jobs supported, that it should find Defendant failed to identify a

18   significant number of jobs within the national economy.  ECF No. 9 at 14-15.  Plaintiff cites

19   *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014), which found 25,000 national

20   jobs to be sufficient.  Plaintiff relies on *Gutierrez* because there the Ninth Circuit stated the

21   25,000 figure was a "close call."   Here there are approximately 44,000 jobs between the two non-

22   erroneous occupations.  Further, each occupation has approximately 22,000 jobs nationwide.

23   Each on its own would apparently satisfy the significant number standard.  Although *Gutierrez*

24   acknowledges that 25,000 was a "close call," that hardly precludes a finding that 22,000 would

25   also be a "close call" but still a significant number.[9]  The Court finds the ALJ's decision that a

26

27   [9] The Ninth Circuit noted that another Circuit had found as few as 10,000 jobs nationally to constitute a significant number.  740 F.3d at 529 (citing *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997)); *but see Randazzo v. Berryhill*, 725 F. App'x 446, 448 (9th Cir. 2017) (ALJ's

28   (continued…)

significant number of jobs existed that Plaintiff could perform in the national economy is supported by the VE's testimony and such testimony constitutes substantial evidence.

## VII.  CONCLUSION

Plaintiff raises only one issue–that the VE's job numbers testimony was not supported. Plaintiff raised no challenge to the VE's job numbers testimony before the ALJ, did not submit a supplemental brief to the ALJ, and did not raise the issue before the Appeals Council.  Under Ninth Circuit precedent, the issue is forfeited.  Assuming arguendo that the issue was not forfeited, Plaintiff fails to establish that the ALJ's decision was unsupported by substantial evidence.

**IT IS HEREBY ORDERED:**

1.  Plaintiff's motion for summary judgment (ECF No. 9) is DENIED;

2.  The Commissioner's cross-motion for summary judgment (ECF No. 14) is GRANTED; and

3.  The Clerk shall enter Judgment for Defendant and close this case.

SO ORDERED.

DATED:  March 31, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

error was not harmless "because the remaining 10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy."). Defendant also cites to *Nelson v. Colvin*, 2014 WL 372496 (W.D. Wa. Feb. 3, 2014), which found 22,000 jobs nationally to be a significant number and therein cited three other cases finding 15,000 to 20,000 jobs nationally to be significant.  ECF No. 14 at 12.